| | |
|---|---|
| IN RE: ) | CASE NO: |
| **Kevin R. Boyce** ) | |
| **Jacqueline J. Boyce** ) | Chapter 13 |
| SSN(s): **xxx-xx-0418, xxx-xx-7327** ) | |
| **4195 Redwood Dr.** ) | |
| **Beaumont, TX 77703** ) | |
| ) | |
| ) | |
| Debtor ) | |

**You should read this Plan carefully and discuss it with your attorney. Confirmation of this Plan by the Bankruptcy Court may modify your rights by providing for payment of less than the full amount of your claim, by setting the value of the collateral securing your claim, and/or by setting the interest rate on your claim.**

# CHAPTER 13 PLAN

Debtor or Debtors (hereinafter called "Debtor") proposes this Chapter 13 Plan:

1. **Submission of Income.** Debtor submits to the supervision and control of the Chapter 13 Trustee ("Trustee") all or such portion of future earnings or other future income of Debtor as is necessary for the execution of this Plan.

2. **Plan Payments and Length of Plan.** Debtor will pay the sum of **see below** per **month** to Trustee by ☐ Payroll Deduction(s) or by ☑ Direct Payment(s) for the period of **60** months, unless all allowed claims in every class, other than long-term claims, are paid in full in a shorter period of time. The term of this Plan shall not exceed sixty (60) months. See 11 U.S.C. §§ 1325(b)(1)(B) and 1325(b)(4). Each pre-confirmation plan payment shall be reduced by any pre-confirmation adequate protection payment(s) made pursuant to Plan paragraph 6(A)(i) and § 1326(a)(1)(C).

The following alternative provision will apply if selected:

☑ Variable Plan Payments

| Beginning Month | Ending Month | Amount of Monthly Payment | Total |
|---|---|---|---|
| 1 (03/02/2011) | 7 (09/02/2011) | $625.00 | $4,375.00 |
| 8 (10/02/2011) | 60 (02/02/2016) | $825.00 | $43,725.00 |
| | | Grand Total: | $48,100.00 |

Reason for Variable Plan Payments:
**Rent-to-own will be paid off in month 7.**

3. **Payment of Claims. The amounts listed for claims in this Plan are based upon Debtor's best estimate and belief.**
Allowed claims shall be paid to the holders thereof in accordance with the terms thereof. From the monthly payments described above, the Chapter 13 Trustee shall pay the following allowed claims in the manner and amounts specified. Claims filed by a creditor designated as secured or priority but which are found by the Court to be otherwise shall be treated as set forth in the Trustee's Recommendation Concerning Claims.

Case No:
Debtor(s): **Kevin R. Boyce**
**Jacqueline J. Boyce**

4. **Administrative Claims.** Trustee will pay in full allowed administrative claims and expenses pursuant to § 507(a)(2) as set forth below, unless the holder of such claim or expense has agreed to a different treatment of its claim.

   (A). **Trustee's Fees.** Trustee shall receive a fee for each disbursement, the percentage of which is fixed by the United States Trustee.

   (B). **Debtor's Attorney's Fees.** The total attorney fee as of the date of filing of the petition is __**$3,000.00**__. The amount of __**$150.00**__ was paid prior to the filing of the case. The balance of __**$2,850.00**__ will be paid ☑ from first funds upon confirmation, or in the alternative ☐ from the remaining balance of funds available after specified monthly payments. The total attorney fees are subject to reduction by notice provided in the Trustee's Recommendation Concerning Claims to an amount consistent with LBR 2016(h) absent a certification from debtors attorney regarding legal services provided pertaining to automatic stay litigation occurring in the case.

5. **Priority Claims.**

   (A). **Domestic Support Obligations.**

   ☑ None. If none, skip to Plan paragraph 5(B).

   (i). Debtor is required to pay all post-petition domestic support obligations directly to the holder of the claim.

   (ii). The name(s) and address(es) of the holder of any domestic support obligation are as follows. See 11 U.S.C. §§ 101(14A) and 1302(b)(6).

   (iii). Anticipated Domestic Support Obligation Arrearage Claims

   (a). Unless otherwise specified in this Plan, priority claims under 11 U.S.C. § 507(a)(1) will be paid in full pursuant to 11 U.S.C. § 1322(a)(2). These claims will be paid at the same time as claims secured by personal property, arrearage claims secured by real property, and arrearage claims for assumed leases or executory contracts.

   ☑ None; or

| (a)<br>Creditor<br>(Name and Address) | (b)<br>Estimated arrearage claim | (c)<br>Projected monthly arrearage payment |
|---|---|---|
| | | |

   (b). Pursuant to §§ 507(a)(1)(B) and 1322(a)(4), the following domestic support obligation claims are assigned to, owed to, or recoverable by a governmental unit.

   ☑ None; or

   Claimant and proposed treatment:

| (a)<br>Claimant | (b)<br>Proposed Treatment |
|---|---|
| | |

   (B). **Other Priority Claims (e.g., tax claims).** These priority claims will be paid in full, but will not be funded until after all secured claims, lease arrearage claims, and domestic support claims are paid in full.

| (a)<br>Creditor | (b)<br>Estimated claim |
|---|---|
| | |

Case No:
Debtor(s):  **Kevin R. Boyce**
            **Jacqueline J. Boyce**

6.  **Secured Claims.**

    (A).  **Claims Secured by Personal Property Which Debtor Intends to Retain.**

    (i).  **Pre-confirmation adequate protection payments.**   Unless the Court orders otherwise, no later than 30 days after the date of the filing of this plan or the order for relief, whichever is earlier, the Debtor shall make the following adequate protection payments to creditors pursuant to § 1326(a)(1)(C).  If the Debtor elects to make such adequate protection payments on allowed claims to the Trustee pending confirmation of the plan, the creditor shall have an administrative lien on such payment(s), subject to objection.  If Debtor elects to make such adequate protection payments directly to the creditor, Debtor shall provide evidence of such payment to the Trustee, including the amount and date of the payment, as confirmation is prohibited without said proof.

    Debtor shall make the following adequate protection payments:

    ☐ directly to the creditor; or

    ☒ to the Trustee pending confirmation of the plan.

| (a)<br>Creditor | (b)<br>Collateral | (c)<br>Adequate protection payment amount |
|---|---|---|
| American Honda Finance | 2002 Acura RL | $65.00 |
| Smart Financial CU | 2007 Chevrolet Avalanche | $312.00 |

    (ii).  **Post confirmation payments.**   Post-confirmation payments to creditors holding claims secured by personal property shall be paid as set forth in subparagraphs (a) and (b).  If Debtor elects to propose a different method of payment, such provision is set forth in subparagraph (c).

    (a).  **Claims to Which § 506 Valuation is NOT Applicable.**  Claims listed in this subsection consist of debts secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within 1 year of filing.  See § 1325(a)(5).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the amount of the claim in column (d) with interest at the rate stated in column (e).  Upon confirmation of the plan, the interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

    ☐ None; or

| (a)<br>Creditor; and<br>(b)<br>Collateral | (c)<br>Purchase date | (d)<br>Estimated Claim | (e)<br>Interest rate | (f)<br>Monthly payment |
|---|---|---|---|---|
| Smart Financial CU<br>2007 Chevrolet Avalanche | 04/2010 | $23,955.00 | 5.00% | $453.53 |

    (b).  **Claims to Which § 506 Valuation is Applicable.**   Claims listed in this subsection consist of any claims secured by personal property not described in Plan paragraph 6(A)(ii)(a).  After confirmation of the plan, the Trustee will pay to the holder of each allowed secured claim the monthly payment in column (f) based upon the replacement value as stated in column (d) or the amount of the claim, whichever is less, with interest at the rate stated in column (e).  The portion of any allowed claim that exceeds the value indicated below will be treated as an unsecured claim.  Upon confirmation of the plan, the valuation and interest rate shown below or as modified will be binding unless a timely written objection to confirmation is filed and sustained by the Court.  Payments distributed by the Trustee are subject to the availability of funds.

    ☐ None; or

TXEB Local Form 3015-a   [Revised January 18, 2006]                                                                                                     Page 3

Case No:
Debtor(s): **Kevin R. Boyce**
**Jacqueline J. Boyce**

| (a) Creditor; and (b) Collateral | (c) Purchase date | (d) Replacement value | (e) Interest rate | (f) Monthly payment |
|---|---|---|---|---|
| **American Honda Finance** **2002 Acura RL** | 05/2007 | $13,375.00 | 5.00% | $94.15 |

(B). **Claims Secured by Real Property Which Debtor Intends to Retain.** Debtor will make all post-petition mortgage payments directly to each mortgage creditor as those payments ordinarily come due. These regular monthly mortgage payments, which may be adjusted up or down as provided for under the loan documents, are due beginning the first due date after the case is filed and continuing each month thereafter, unless this Plan provides otherwise. Trustee may pay each allowed arrearage claim at the monthly rate indicated below until paid in full. Trustee will pay interest on the mortgage arrearage if the creditor requests interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest.

| (a) Creditor; and (b) Property description | (c) Estimated pre-petition arrearage | (d) Interest rate | (e) Projected monthly arrearage payment |
|---|---|---|---|
| **Chase** **Homestead** | $3,000.00 | 5.00% | $56.80 |
| **Jefferson County TAC** **Homestead** | $2,641.60 | 12.00% | $59.33 |

(C). **Surrender of Collateral.** Debtor will surrender the following collateral no later than thirty (30) days from the filing of the petition unless specified otherwise in the Plan. Any involuntary repossession/foreclosure prior to confirmation of this Plan must be obtained by a filed motion and Court order, unless the automatic stay no longer applies under § 362(c). Upon Plan confirmation, the automatic stay will be deemed lifted for the collateral identified below for surrender and the creditor need not file a Motion to Lift Stay in order to repossess, foreclose upon or sell the collateral. Nothing herein is intended to lift any applicable co-Debtor stay, or to abrogate Debtor's state law contract rights.

| (a) Creditor | (b) Collateral to be surrendered |
|---|---|
|  |  |

(D). **Void Lien:** The secured creditors listed below hold a non-purchase money, non-possessory security interest on Debtor's exempt property. Their lien will be voided pursuant to 11 U.S.C. § 522(f) and their claim treated as unsecured and paid pursuant to paragraph 7 below:

| Name of Creditor | Collateral Description | Estimated Claim |
|---|---|---|
|  |  |  |

7. **Unsecured Claims.** Debtor estimates that the total general unsecured debt not separately classified in Plan paragraph 12 is   **$122,277.40**   . After all other classes have been paid, Trustee will pay to the creditors with allowed general unsecured claims a pro rata share of     **$611.54**     . Trustee is authorized to increase this dollar amount if necessary, in order to comply with the applicable commitment period stated in paragraph 2 of this Plan.

8. **Executory Contracts and Unexpired Leases.** All executory contracts and unexpired leases are assumed, unless rejected herein. Payments due after the filing of the case will be paid directly by Debtor (c) or through the plan by the Trustee (d), as set forth below.

Case No:
Debtor(s):  **Kevin R. Boyce**
            **Jacqueline J. Boyce**

Debtor proposes to cure any default by paying the arrearage on the assumed leases or unexpired contracts in the amounts projected in column (e) at the same time that payments are made to secured creditors. All other executory contracts and unexpired leases of personal property are rejected upon conclusion of the confirmation hearing.

☐ None; or

| (a) Creditor; and (b) Nature of lease or executory contract | (c) Payment to be paid directly by Debtor | (d) Payment to be paid through plan by Trustee | (e) Projected arrearage monthly payment through plan (for informational purposes) |
|---|---|---|---|
| | | | |

**Flexi Compras**  $214.13
**Rent-to-own Television (paying for months 1-7 of plan).**

9. **Property of the Estate.** Upon confirmation of this plan, title of the property of the estate shall vest in DEBTOR(S), unless the Court orders otherwise.

10. **Post-petition claims.** The DEBTOR(S) will not incur any post-petition consumer debt except upon written approval of the Court or the Standing Chapter 13 Trustee. Post-petition claims will be allowed only as specified in 11 U.S.C. § 1305.

11. **General Provisions.** Post-Petition earnings during the pendency of this case shall remain property of the estate notwithstanding section 1327. Any remaining funds held by the Trustee after dismissal or conversion of a confirmed plan may be distributed to creditors pursuant to these provisions. Notwithstanding section 1329(a), the Trustee may bring a motion anytime within the applicable commitment period of the Plan to modify debtor's Plan to meet the criteria of section 1325(b). Any funds sent to the debtor(s) in care of the Trustee, during the pendency of this case may be deposited to the debtor's account and disbursed to creditors holding allowed claims pursuant to this Plan, the Confirmation Order, and/or as set forth in the Trustee's Recommendation Concerning Claims.

12. **Other Provisions:**

   (A). **Special classes of unsecured claims.**

| Name of Unsecured Creditor | Remarks |
|---|---|
| | |

   (B). **Other direct payments to creditors.**

| Name of Creditor | Remarks |
|---|---|
| | |

**Chase**

   (C). **Additional provisions.**
   **Deadline for Trustee to file TRCC**
   Notwithstanding any provision herein to the contrary, the deadline for the Trustee to file the Trustee's Recommendation Concerning Claims, as well as the deadline for filing objections to the Trustee's Recommendation Concerning Claims and objections to claims shall be governed by Local Bankruptcy Rule 3015(g).

Case No:
Debtor(s): **Kevin R. Boyce**
**Jacqueline J. Boyce**

**IRS Returns and Refunds**
All future tax refunds which Debtor(s) receive during the term of the plan, starting with the tax refund, if any, to be received for the tax year 2010, in excess of $1,200.00, shall be turned over to the Trustee within ten (10) days of receipt of such and shall be added to the plan base. Whether or not a tax refund is due, Debtor(s) shall provide a copy of their tax return to the Trustee within ten (10) days of filing such during the term of the Plan.

**Valuation of Property Not Set at Confirmation**
Notwithstanding any other provision to the contrary of debtor(s)' plan, the value of the collateral as set forth in paragraph 6(A)(ii)(b) of the plan is not determined at confirmation.

Special Note: This plan is intended as an exact copy of the recommended form prepared by the Standing Chapter 13 Trustees for this District, except as to any added paragraphs after paragraph 11 above. The Chapter 13 trustee shall be held harmless for any changes in this plan from the recommended form dated July 1, 2005.

Date: **January 31, 2011**  **/s/ Kevin R. Boyce**
Kevin R. Boyce, Debtor

**/s/ David B. Packard**  **/s/ Jacqueline J. Boyce**
David B. Packard, Debtor's Attorney  Jacqueline J. Boyce, Debtor

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| IN RE: | **Kevin R. Boyce** | CASE NO. |
| | **Jacqueline J. Boyce** | CHAPTER  **13** |

**Certificate of Service**

___

I, the undersigned, hereby certify that on this day a copy of the foregoing document was served on the following parties of interest via electronic means, if available, otherwise first class U.S. mail.

See Attached Mailing Matrix

Date: **1/31/2011**                     **/s/ David B. Packard**
                                         **David B. Packard**
                                         Attorney for the Debtor(s)

| Label Matrix for local noticing<br>0540-1<br>Case 11-10059<br>Eastern District of Texas<br>Beaumont<br>Mon Jan 31 09:51:01 CST 2011 | (p)AMERICAN HONDA FINANCE<br>P O BOX 168088<br>IRVING TX 75016-8088 | Anderson Financial<br>PO Box 3097<br>Bloomington, IL 61702-3097 |
|---|---|---|
| Jacqueline J. Boyce<br>4195 Redwood Dr.<br>Beaumont, TX 77703-1823 | Kevin R. Boyce<br>4195 Redwood Dr.<br>Beaumont, TX 77703-1823 | Chase<br>N54 W 13600 Woodale Dr<br>Mennomonee, WI 53051-7026 |
| Collection<br>PO Box 9136<br>Needham, MA 02494-9136 | Conn's<br>PO Box 2358<br>Beaumont, TX 77704-2358 | ECO Financial Inc<br>310 N. White St.<br>Fort Mill, SC 29715-1657 |
| Enhanced Recovery Corp.<br>8014 Bayberry Rd<br>Jacksonville, FL 32256-7412 | First National Collection Bureau, Inc.<br>610 Waltham Way<br>Sparks, NV 89434-6695 | Flexi Compras<br>5885 Eastex Fwy<br>Beaumont, TX 77706-6921 |
| GE Money Bank<br>Attn: Bankruptcy Dept<br>PO Box 103104<br>Roswell, GA 30076-9104 | GEMB/Discount Tires<br>Po Box 981439<br>El Paso, TX 79998-1439 | Hilco Recovery<br>Attn: Bankruptcy<br>1120 Lake Cook Road Suite B<br>Buffalo Grove, IL 60089-1970 |
| IRS<br>P.O. Box 7346<br>Philadelphia<br>PA<br>19101-7346 | Jefferson County TAC<br>P.O. Box 2112<br>Beaumont, Texas 77704-2112 | John J. Talton<br>110 N. College Ave. Suite 1200<br>Tyler, TX 75702-7242 |
| Mobil Oil Federal CU<br>PO Box 12849<br>Beaumont, TX 77726-2849 | NCO Financial /99<br>Po Box 15636<br>Wilmington, DE 19850-5636 | NCO Financial Systems<br>507 Prudential Road<br>Horsham, PA 19044-2368 |
| Nation collection<br>2015 Vaughn Rd<br>Kennesaw, GA 30144-7801 | Northstar Location Services, LLC<br>4285 Genesee Street<br>Cheektowaga, NY 14225-1943 | David B. Packard<br>Packard & LaPray<br>1240 Orleans<br>Beaumont, TX 77701-3612 |
| Packard Packard & LaPray<br>1240 Orleans<br>Beaumont, TX 77701-3612 | Premiere Credit Of N A<br>2002 No Wellesley Blvd 1<br>Indianapolis, IN 46219-2417 | Premium Asset Recovery Corp.<br>350 Jim Moran Blvd, Suite 210<br>Deerfield Beach, FL 33442-1782 |
| RMA Credit Association<br>3830 Hwy 365<br>Port Arthur, TX 77642-7500 | Smart Financial CU<br>P O Box 10719<br>Houston, TX 77206 | U.S. Attorney General<br>Department of Justice<br>Main Justice Building<br>10th & Constitution Ave., NW<br>Washington, DC 20530-0001 |

| | |
|---|---|
| US Trustee<br>Office of the U.S. Trustee<br>110 N. College Ave.<br>Suite 300<br>Tyler, TX 75702-7231 | Unifund<br>10625 Techwood Circle<br>Cincinnati, OH 45242-2846 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| American Honda Finance<br>3625 W Royal Ln Ste 200<br>Irving, TX 75063 | End of Label Matrix<br>Mailable recipients    31<br>Bypassed recipients     0<br>Total                  31 |